**UNITED STATES of America Plaintiff,**

**v.**

**Tomas DELGADO GARCIA Defendant.**

**No. 2:00–CR–276–PGC.**

United States District Court,
D. Utah,
Central Division.

Sept. 19, 2003.

Michael P.. Kennedy, Assistant United States Attorney, Salt Lake City, UT, for United States.

Steven Lee Payton, Esq., Salt Lake City, UT, for Defendant Delgado Garcia.

## MEMORANDUM OPINION ON DEADLINES FOR RAISING OBJECTIONS TO THE PRESENTENCE REPORT

CASSELL, District Judge.

Yesterday, the court was to have sentenced the defendant Tomas Garcia. However, less than 24 hours before the sentencing, the court received defense counsel's nine-page objection to the criminal history and other guidelines calculations in the pre-sentence report, accompanied by ten pages of criminal records. The probation office has not had time to review the materials, and the government, not surprisingly, requested a continuance of sentencing. While granting the continuance in this case, the court is concerned that belated filing of objections to the presentence report is becoming a common practice. Accordingly, the court is publishing this short opinion to remind defense counsel of the importance of timing filing of objections.

A brief review of the facts of this case will serve to illustrate this recurring problem. Defendant Garcia pled guilty to conspiracy to distribution cocaine on February 11, 2003. The court set a sentencing date of May 12, 2003. On April 3, 2003, the probation officer completed the presentence report in this case. Page 1 of the report stated: "No later than April 22, 2003, defense counsel and government counsel must notify each other and the probation office in writing of any objections to the presentence report." The government promptly indicated that it had no objection to the report. Defense counsel, however, requested a continuance. The court reset sentencing for July 17, 2003. Defense counsel—again—requested a continuance. The court reset sentencing for August 20, 2003. Defense counsel—again—requested a continuance. The court reset sentencing for September 18, 2003. Then, on September 17, 2003—nearly five months after the original deadline and less than 24 hours before sentencing—defense counsel filed the objections to the presentence report noted above. The defense pleading did not offer any reasons for the delay in filing. It is appears to the court that the objections could all have been filed long ago. Because of the late filing of the objections, the defendant had already been transported a considerable distance to Salt Lake City for sentencing. Also, a number of members of the defendant's family arrived at the courthouse expecting the sentencing to take place as scheduled. Yet, the court had to reschedule the sentencing to review the last-minute defense claims.

The tardy filing of objections in this case appears to reflect a pattern that occurs too often in the District of Utah. In just the past 10 days, in at least two other cases the court has received objections to the presentence report the day before sentencing. Earlier this week, in *United States v. Houston*,[1] defense counsel filed objections to the presentence report that the court received the morning of sentencing. Last week, in *United States v. Diaz–Loera*,[2] defense counsel filed objections to the presentence report the court received the day before sentencing. This late filing came in spite of the fact that the defense had already obtained one earlier continuance. In neither of these cases was any explanation offered for the eleventh-hour pleadings.

These belated filings violate, of course, the Federal Rules of Criminal Procedure. The rules mandate that "*[w]ithin 14 days after receiving the presentence report,* the

---

1. No. 2:02–CR–749–PGC (D.Utah).

2. No. 2:03–CR–207–PGC (D.Utah).

parties must state in writing any objections ...."[3] This 14–day deadline is a critical component of the guidelines scheme. The rules go on to provide that, upon the filing of any objections, the probation officer will hold a meeting with counsel for the parties to resolve such objections.[4] The probation officer then makes any necessary revisions to the report and submits the revised report to the court at least seven days before sentencing.[5]

Tardy defense objections short-circuit this entire process: the probation officer is unable to make any corrections; and the government lacks sufficient time to file a response. As a result, the court is then given a Hobson's choice: either proceed directly to sentencing without the benefit of extended analysis of the question or to delay sentencing to permit fuller consideration of the objections. The recurrence of these eve-of-sentencing filings has also apparently raised a suspicion in the mind of at least some prosecutors that defense counsel have made a tactical calculation that belated filings will produce lower sentences. The court is, of course, reluctant to continue a sentencing where a prisoner has been transported (at considerable taxpayer expense) to Salt Lake City. At the same time, the court is, of course, reluctant to penalize a defendant for his attorney's failure to follow the rules. Government prosecutors seemingly suspect that the delay is designed to prevent them from having a fair opportunity to respond to these claims.

Whether the government's suspicions are correct the court need not determine. Regardless of the reason, the belated filing of objections to presentence reports cannot continue. It is unfair to the government, which is deprived of the chance to file a response. It is unfair to the probation officer, who is unable to work with counsel to perfect the presentence report. It is unfair to the defendant, who may spend more time in local jails rather than being transported to facilities more suited for long term confinement. And it is unfair to the court, which is entitled to rely upon timely filing of objections in order to reach a carefully considered judgment about sentencing and in order to efficiently schedule its calendar without last minute continuances.

The court, therefore, reminds defense counsel that timely filing of objections to the presentence report is required. The court acknowledges the great service performed by the defense bar in representing their clients. The majority of defense counsel have no difficulty in following the rules on objections to the reports. The court also understands that, in unusual cases, it may not be possible to follow the deadlines outlined in the rules. In these unusual cases, an appropriate motion for continuance should be filed. In the future, however, if the court receives a last minute filing of objections to the presentence report without good cause, the court will take action. One possible response is to simply decline to consider the tardy objections. Other courts have upheld the validity of this practice,[6] and this court might

---

3. Fed.R.Crim.P. 32(f)(1) (emphasis added).

4. Fed.R.Crim.P. 32(f)(3).

5. Fed.R.Crim.P. 32(g).

6. *See, e.g., United States v. Morsley*, 64 F.3d 907 (4th Cir.1995), *cert. denied*, 516 U.S. 1065, 116 S.Ct. 749, 133 L.Ed.2d 697 (1996)

(upholding district court decision to not review objections filed after 15 day period specified in the local rules); *United States v. Michalek*, 819 F.Supp. 250, 260–61 (W.D.N.Y. 1993) (local ten-day period for filing objections to PSR satisfies due process and failure to file timely objections amounts to valid waiver of objections), *aff'd*, 9 F.3d 1536 (2d Cir.1993).

choose to proceed in this fashion. It may be better, however, for this court to impose sanctions directly against the responsible attorney rather than penalizing the defendant. In any event, having published an opinion on this point, the court trusts that it will not have to consider how to deal with this problem in the future.